Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RAMÓN GONZÁLEZ BEIRÓ, COMO ADMINISTRADOR INTERINO DE LA OFICINA DE REGLAMENTACIÓN DE LA INDUSTRIA LECHERA<br><br>Recurrido<br>v.<br><br>SUIZA DAIRY, CORP.<br><br>Peticionario | KLCE202400783 | *Certiorari* Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Auxilio de Jurisdicción<br><br>Caso Núm.: SJ2023CV8394 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2024.

Comparece ante nos, *Suiza Dairy Corporation* (en adelante; "Suiza Dairy o peticionario") mediante el presente recurso de *certiorari.* Solicita que revisemos la determinación emitida el 12 de junio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante; "TPI"). En corte abierta, el aludido foro encontró incurso en desacato civil a Suiza debido al reiterado incumplimiento con las órdenes administrativas dictadas por la Oficina para Reglamentar de la Industria Lechera. Además, el TPI le impuso al peticionario una multa diaria y prospectiva de $500.00 por cada día que incumpliera con la determinación dictada.

Evaluada la totalidad del expediente, ***denegamos*** el auto de *certiorari* solicitado.

---

[1] Notificada en la *Minuta Enmendada* del 24 de junio de 2024.

Número Identificador
RES2024 _____

**-I-**

De los *autos* ante nuestra consideración surge que, el *Sr. Ramón González Beiró,* en su capacidad oficial como Administrador de la *Oficina para Reglamentar de la Industria Lechera* (en adelante; "ORIL o recurrido") instó una *Demanda* el **1 de septiembre de 2023**.[2] Entre otras cosas; solicitó que se emitiera una orden contra Suiza Dairy para que cumpliera con ciertas órdenes administrativas emitidas en virtud de la Sección 8 del *"Reglamento 10 de la Industria Lechera para Establecer Fórmulas para Canalizar el Excedente, Fijar Precios de la Leche en todos sus Niveles y Establecer las Normas de Expansión en la Producción y Derogar el Reglamento 351, según enmendado sobre este mismo asunto, aprobado el 29 de enero de 1957".*[3]

En cumplimiento de orden,[4] Suiza Dairy presentó el **7 de septiembre de 2023** su posición.[5] Argumentó que la solicitud de la ORIL no debía ser concedida, ya que las órdenes administrativas no procedían. Además, solicitó la paralización del caso mientras este Foro apelativo atendía un recurso de revisión que había presentado el 1 de septiembre de 2023.

El **20 de septiembre de 2023**, la *Industria Lechera de Puerto Rico* (en adelante; "Indulac") solicitó intervención en el caso.[6]

---

[2] Apéndice 1 del Peticionario, págs. 1 – 52.

[3] *Reglamento 10 de la Industria Lechera para Establecer Fórmulas para Canalizar el Excedente, Fijar Precios de la Leche en todos sus Niveles y Establecer las Normas de Expansión en la Producción y Derogar el Reglamento 351, según enmendado sobre este mismo asunto, aprobado el 29 de enero de 1957*, (Reglamento para enmendar las Secciones 4, 5, 6, 7, 8, 10, 11 y 12, eliminar la Sección 9 y añadir nueva Sección 7 del Reglamento Número 10 de la Industria Lechera aprobado el 10 de agosto de 2005, registrado con el número 7018 en el Departamento de Estado de Puerto Rico, conocido como "Reglamento 10 de la Industria Lechera para Establecer Fórmulas para Canalizar el Excedente, Fijar Precios de la Leche en todos sus Niveles y Establecer las Normas de Expansión en la Producción y Derogar el Reglamento 351, según enmendado sobre este mismo asunto, aprobado el 29 de enero de 1957." Enmienda Regl. 7018 y Deroga Regl. 351), Reglamento Núm. 8657, Departamento de Estado, 12 de noviembre de 2015.

[4] Apéndice 2 del Peticionario, págs. 53 – 56.

[5] Apéndice 3 del Peticionario, págs. 57 – 640.

[6] Apéndice 4 del Peticionario, págs. 641 – 661.

En la vista celebrada el **22 de septiembre de 2023**, el TPI permitió la intervención de Indulac.[7] Además, atendió el asunto del cese y desista solicitado por la ORIL, y la solicitud de auxilio de jurisdicción, por lo que, las partes tuvieron la oportunidad de exponer su posición.

Atendido el recurso de revisión instado por Suiza Dairy, el mismo fue desestimado el **28 de septiembre de 2023**, ante la falta de jurisdicción del Tribunal apelativo.[8]

Por su parte, el **29 de septiembre de 2023,** el foro primario declaró *Ha Lugar* la demanda instada por la ORIL,[9] y ordenó a Suiza Dairy cumplir con las órdenes administrativas emitidas por el Administrador de la ORIL en virtud de la Sección 8 del Reglamento Núm. 10 y cualquier otra orden análoga subsiguiente, so pena de desacato civil o criminal.

Ante el incumplimiento de Suiza Dairy, la ORIL presentó una "*Moción de Desacato"* el **1 de mayo de 2024**.[10] En oposición a la solicitud, Suiza Dairy presentó su escrito el **9 de mayo de 2024**.[11]

Luego de varias incidencias procesales, el foro de instancia celebró la Vista de desacato el **12 de junio de 2024**, y las partes tuvieron la oportunidad de argumentar su posición.[12] Finalmente, el TPI encontró incurso en desacato civil a Suiza Dairy.[13] En lo pertinente, el foro sentenciador expresó que:

> *[T]ras evaluar la prueba estipulada y los argumentos de las partes, el **<u>Tribunal encontró incurso en desacato civil a la parte demandada, Suiza Dairy Corporation</u>, debido al incumplimiento reiterado de las órdenes administrativas dictadas por ORIL y consecuentemente, de la Sentencia emitida el 29 de septiembre de 2023** (la cual ordenaba a Suiza Dairy cumplir con dichas órdenes administrativas en virtud del reglamento número 10 y sus enmiendas, bajo pena de desacato).*

---

[7] *Véase*; *Minuta* de la vista celebrada el 22 de septiembre de 2023, Apéndice 5 del Peticionario, págs. 662 – 668.

[8] Notificada el mismo día. *Véase*; Apéndice 4 del Peticionario, págs. 669 – 680.

[9] Notificada el mismo día. *Véase*; Apéndice 7 del Peticionario, págs. 681 – 689.

[10] Apéndice 8 del Peticionario, págs. 690 – 816.

[11] Apéndice 9 del Peticionario, págs. 817 – 997.

[12] *Véase*; *Minuta* de la vista celebrada el 12 de junio de 2024, Apéndice 5 del Peticionario, págs. 1057 – 1067.

[13] *Íd.*

*El Tribunal aclaró que, aunque en la Sentencia se mencionaba la posibilidad de plantear cuestiones legales o constitucionales en la etapa de desacato como parte del debido proceso de ley que tiene el promovido de este tipo de solicitud, esto no implicaba que se abriría un nuevo juicio sobre la validez de las órdenes administrativas. Citó el caso Walker v. City of Birmingham (1967) así como el caso de United Mine Workers v. United States (1947) del Tribunal Supremo de Estados Unidos para enfatizar que las órdenes judiciales deben cumplirse hasta que se revoquen en el procedimiento adecuado, por lo que no es posible pasar juicio en la etapa de desacato sobre la validez sustantiva de la orden judicial anterior. **En este caso, se demostró que Suiza Dairy no había cumplido con las órdenes administrativas de ORIL y consecuentemente, con la Sentencia emitida por el Tribunal en el presente caso, por lo que dicha parte se encontraba incurso en desacato civil.***

*El Tribunal también abordó el tema del remedio a concederse y las multas solicitadas tanto por la ORIL como por Indulac. Aunque el Tribunal Supremo de Puerto Rico no ha resuelto categóricamente sobre la disponibilidad de multas indefinidas para el desacato civil, el juez Martínez Piovanetti explicó que en el derecho común angloamericano, del cual proviene la figura del desacato, la multa prospectiva es una herramienta válida para asegurar el cumplimiento. **Por ello, <u>decidió imponer una multa diaria y prospectiva de $500 a favor de la parte demandante por cada día que Suiza Dairy no cumpla con los términos de la Sentencia</u> (lo que incluye las órdenes administrativas vigentes en la actualidad y aquellas que se emitan de manera subsiguiente y que queden dentro del alcance de lo ordenado en la referida Sentencia).***

[…]

*Finalmente, se abordó la cuestión de la huelga en Suiza Dairy. El juez pidió aclaraciones al respecto y estableció que, si Suiza Dairy no podía cumplir con las órdenes debido a la huelga, debía informar al tribunal. Dávila Rodríguez indicó que no todos los empleados estaban en huelga y que se estaban realizando los trabajos de recolección de leche. No obstante, el Tribunal ordenó que si Suiza Dairy no podía cumplir con lo ordenado, debía informar antes del 17 de junio para que el tribunal pudiera tomar las medidas necesarias, incluso autorizar a terceros para recoger la leche asignada a Indulac.*

***El juez concluyó que era responsabilidad de Suiza Dairy cumplir con lo ordenado y aclarar cualquier situación que pudiera impedir dicho cumplimiento***.

*En respuesta a la solicitud de la parte interventora, el juez autorizó que los clientes de Suiza, Indulac y ORIL se comuniquen para coordinar la recolección de leche en aquellas ganaderías donde los vehículos de Suiza no puedan llegar debido a la huelga. Esto significa que, si los vehículos de Suiza no pueden recoger la leche, se permitirá que los vehículos de Indulac o de terceros hagan la recolección.*

***El juez dejó claro que esta situación de huelga no será una excusa para incumplir las órdenes previamente establecidas, ni las dictadas el día de la vista***. *La comunicación y coordinación entre las partes es esencial para asegurar que no haya interrupciones en la recolección de leche y que se cumpla con lo ordenado por el tribunal.*

[…].[14]

---

[14] *Íd., a la p*ágs. 1065 – 1067.

Inconforme con la determinación del TPI, Suiza Dairy recurrió ante este Foro apelativo el **12 de julio de 2024**. Mediante el recurso de *certiorari* epígrafe, señaló la comisión de los siguientes errores:

> ***PRIMER ERROR: ERRÓ EL TPI AL CONCLUIR QUE ESTABA IMPEDIDO DE PASAR JUICIO SOBRE LA VALIDEZ DE LAS ÓRDENES ADMINISTRATIVAS EN EL PROCEDIMIENTO DE DESACATO.***
>
> ***SEGUNDO ERROR: ERRÓ EL TPI AL NO DECLARAR NULAS LAS ÓRDENES ADMINISTRATIVAS DE LA ORIL.***
>
> ***TERCER ERROR: ERRÓ EL TPI AL COMPELER EL CUMPLIMIENTO CON UNAS ÓRDENES ADMINISTRATIVAS QUE CREAN UNA VENTAJA COMPETITIVA A FAVOR DE LOS PRODUCTOS DE INDULAC Y VTM EN VIOLACIÓN DE LA SENTENCIA FEDERAL Y LA LEY NÚM. 34.***

Por su parte, el Sr. Ramón González Beiró, en su capacidad oficial como Administrador de ORIL, compareció el **22 de junio de 2024** en oposición a la expedición del *certiorari* epígrafe. En la misma fecha, la Industria Lechera de Puerto Rico Inc. presentó el escrito intitulado *"Oposición a la expedición del auto de certiorari"*.

Varios trámites procesales después, el **5 de agosto de 2024** dimos por sometido el asunto para la atención del Panel Especial.

-II-

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[15] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[16]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la*

---

[15] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[16] *García v. Asociación,* 165 DPR 311, 321 (2005).

*admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[17]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[18]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[19]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[20]

---

[17] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[18] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[19] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[20] *SLG Zapata- Rivera v. J.F. Montalvo,* 189 DPR 414, 434 – 435 (2013).

**-III-**

En esencia, Suiza Dairy plantea que el foro de instancia erró al concluir que estaba impedido de pasar juicio sobre la validez de las órdenes administrativas de la ORIL en el procedimiento de desacato, y no declarar dichas órdenes nulas. Sostiene, además que, el TPI incidió al ordenar el cumplimiento de las órdenes administrativas.

Conforme a los hechos del caso y al derecho aplicable, la determinación del foro primario constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los casos de manera razonable y adecuada. Por lo cual, no encontramos fundamento para expedir el auto de *certiorari*.

Además, el peticionario no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. En ese sentido, somos del criterio que el foro de instancia no abusó de su discreción ni fue irrazonable en forma alguna. Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el presente auto de *certiorari*.

**-IV-**

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari* epígrafe*.*

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones